IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

**WINCHAUS HAYES,**

    **Petitioner**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

CRIMINAL NO. 4:13CR70
CIVIL NO. 4:16CV54

## OPINION & ORDER

This matter comes before the Court upon Winchaus Hayes' ("Petitioner") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion"). ECF No. 41.

### I. PROCEDURAL HISTORY

On July 16, 2013, Petitioner was named in a four count indictment charging him with: (1) Conspiracy to Commit Bank Robbery, in violation of 18 U.S.C. § 371 (Count One); and (2) three counts of Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (2) (Counts Two–Four). ECF No. 1. On October 7, 2013, Petitioner pleaded guilty before Magistrate Judge Tommy E. Miller to all counts of the indictment. ECF No. 24.

On January 6, 2014, this Court sentenced Petitioner to a term of imprisonment of 151 months. ECF No. 37. This term consisted of 60 months on Count One and 151 months on each of Counts Two–Four, all to be served concurrently. Id. Petitioner's sentence was based in part on the Presentence Investigation Report's ("PSR") classification of Petitioner as a career offender under Section 4B1.1(a) of the United States Sentencing Guidelines ("USSG") because: (1) "the instant offense is a felony that is a crime of violence" and (2) Petitioner had previously been

1

convicted of two prior "crime[s] of violence" or "controlled substance offense[s]." PSR, ECF No. 32 ¶ 78. The two prior convictions were felony convictions for: (1) Possession with Intent to Distribute Cocaine; and (2) Robbery. Id. See also ECF Nos. 37, 38.

Petioner timely filed his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on June 10, 2016.[1] ECF No. 41. On June 17, 2016, this Court ordered the Federal Public Defender to provide representation to the Petitioner for the purposes of his Section 2255 Motion. ECF No. 42. On June 28, 2016, counsel for Petitioner filed a Memorandum in Support of Petitioner's Section 2255 Motion. ECF No. 44. On September 19, 2016, upon the Government's Motion, ECF No. 45, the Court held Petitioner's Motion in abeyance pending the Supreme Court's decision in Beckles v. United States, 2016 WL 1029080 (June 27, 2016). ECF No. 46.

In his Motion and Memorandum, ECF Nos. 41, 44, Petitioner contends that his sentence was imposed in violaton of the Constitution. In support of this, Petitioner argues that, following the rulings in Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016), his bank robbery and robbery convictions—which triggered the career offender enhancement under USSG § 4B1.1(a) (alongside the controlled substance offense)—can no longer be considered crimes of violence. ECF No. 44. Therefore, Petitioner argues, he can no longer be categorized as a career offender under USSG § 4B1.1. ECF No. 44, at 4. Altogether, Petitioner asks the Court to resentence him without the application of the USSG § 4B1.1 career offender enhancement. ECF No. 44, at 19.

## II. 28 U.S.C. § 2255: MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

### A. STANDARD OF REVIEW

---

[1] This is Petitioner's first Section 2255 Motion, and it was filed within one year of the decision in Johnson v. United States, 135 S. Ct. 2551 (2015). See 28 U.S.C. § 2255(f)(3).

2

Collateral review created by 28 U.S.C. § 2255 allows a prisoner in federal custody to challenge the legality of a federal sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing Court lacked jurisdiction; (3) the sentence imposed was in excess of the maximum amount authorized by law; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. On such grounds, the petitioner may move the court to vacate, set aside, or correct a sentence. The Supreme Court has held that Section 2255 is the appropriate vehicle by which a federal prisoner may challenge both a conviction and the post-conviction sentence. Davis v. United States, 417 U.S. 333, 343–44 (1974).

A district court may dismiss a petitioner's Section 2255 motion in several clearly defined circumstances. The statute provides that, "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney [and] grant a prompt hearing thereon . . . ." 28 U.S.C. § 2255. Thus, as a corollary, a court may dismiss a Section 2255 motion if it is clearly inadequate on its face and if the petitioner would not be entitled to relief assuming the facts alleged in the motion are true. Where the record refutes a petitioner's allegations, dismissal is appropriate. Likewise, if the motion can be resolved exclusively on issues of law, and no questions of fact exist, then summary dismissal is appropriate without an evidentiary hearing. See Green v. United States, 65 F.3d 546, 548–49 (6th Cir. 1995) (finding an evidentiary hearing unnecessary because all claims by petitioner alleged legal errors).

When filing a Section 2255 petition to vacate, set aside, or correct a sentence, a petitioner "bears the burden of proving his grounds for collateral attack by a preponderance of the evidence." Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998) (citing Vanater v.

Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)). If the motion when viewed against the record shows that the petitioner is entitled to no relief, the court may summarily deny the motion. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). A motion under Section 2255 may not "do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

Any matter that could have been asserted either at trial or on appeal but was not so asserted is not appropriate for review on motion under Section 2255 without a showing of "cause" sufficient to excuse the procedural fault and a showing of "actual prejudice" resulting from the error. Frady, 456 U.S. at 167–68. "The existence of cause for procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). In addition, a "showing that the factual or legal basis for a claim was not reasonably available"—such as a new rule of constitutional law made retroactive to cases on collateral review—"would constitute cause under this standard." Murray v. Carrier, 477 U.S. 478, 488 (1986) (citations omitted). See also Reed v. Ross, 468 U.S. 1, 17 (1984) (discussing three situations in which a new constitutional rule might emerge).

"To show actual prejudice, [a petitioner] must demonstrate that the error worked to his 'actual and substantial disadvantage.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray, 477 U.S. at 494). That is, a showing of "actual prejudice" requires a petitioner to establish that the error had a "substantial and injurious effect or influence in determining the jury's verdict." Fry v. Pliler, 551 U.S. 112, 116 (2007) (quoting Brecht v. Abrahamson, 507 U.S. 619, 631 (1993)).

Absent a showing of cause and prejudice, a petitioner may raise a procedurally defaulted

claim in a collateral attack only upon a showing that a "miscarriage of justice would result from the refusal of the court to entertain the collateral attack." Mikalajunas, 186 F.3d at 493 (citing Frady, 456 U.S. at 167–68; United States v. Maybeck, 23 F.3d 888, 891–92 (4th Cir.1994)). A petitioner must establish actual innocence by clear and convincing evidence. Id.

### B. PETITIONER'S PENDING SECOND SECTION 2255 MOTION

In his Section 2255 Motion, Petitioner makes a three-part argument as to why this Court should grant him relief under 28 U.S.C. § 2255. First, Petitioner argues that, in light of the Supreme Court's ruling in Johnson, the residual clause of the career offender enhancement at USSG § 4B1.2(a) that was in place at the time of his sentencing[2] was unconstitutionally vague. In support of this, Petitioner argues that, in Johnson, the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague under the Due Process Clause, and therefore, the similar residual clause that existed at USSG § 4B1.2(a) at the time of Petitioner's sentencing is also void for vagueness under the Due Process Clause. ECF No. 44, at 4–8. Accordingly, Petitioner argues, his robbery and bank robbery convictions no longer qualify as crimes of violence under USSG § 4B1.2(a)'s residual clause. ECF No. 44, at 8.

Second, Petitioner argues that not only does the bank robbery conviction—the instant crime of violence conviction that rendered Petitioner eligible for a sentencing enhancement pursuant to USSG § 4B1.1(a)(2)—not qualify as a crime of violence under the residual clause, but that, in applying the categorical approach, the bank robbery conviction can no longer be

---

[2] Effective August 1, 2016, the Sentencing Commission amended the definition of "crime of violence" in Section 4B1.2(a) to eliminate the residual clause. USSG Supp. to App. C, amend. 798 (Aug. 1, 2016). However, as a substantive, rather than clarifying, amendment to the Guidelines, Amendment 798 does not apply retroactively to Petitioner's sentence. See United States v. Goines, 357 F.3d 469, 474 (2004).

considered a crime of violence under the force/elements clause of USSG § 4B1.2(a).[3] ECF No. 44, at 10.

Third, Petitioner argues that not only does the predicate robbery conviction not qualify as a crime of violence under the residual clause, but that, in applying the categorical approach, it does not qualify as a crime of violence under the force/elements clause of USSG § 4B1.2(a).[4] ECF No. 44, at 9–17. Accordingly, Petitioner argues, as his bank robbery and robbery convictions do not qualify as crimes of violence, Petitioner does not qualify for a career offender enhancement under USSG § 4B1.1. ECF No. 44, at 2.

On March 6, 2017, the Supreme Court decided the threshold issue—whether Johnson applies to Guidelines cases—in Beckles v. United States, --- S. Ct. ---, 2017 WL 855781, at *6 (2017). Beckles held that the Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause. In holding so, the Supreme Court explained that, in contrast to the ACCA:

> [T]he advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

Therefore, while Petitioner is correct that Johnson held that the residual clause of the ACCA was void for vagueness, ECF No. 44, at 4–5, such a rule is not applicable to the Sentencing Guidelines and therefore not collaterally available to Section 2255 challenges to USSG § 4B1.2's residual clause. See also 28 U.S.C. § 2255(h)(2). The Sentencing Guidelines are not subject to vagueness challenges in the manner of statutes that prescribe sentence maximums or minimums;

---

[3] Petitioner's bank robbery conviction would not qualify under the enumerated offenses clause because bank robbery is not one of the enumerated offenses. ECF No. 44, at 2. See also USSG § 4B1.2(a).
[4] Petitioner's robbery conviction would not qualify under the enumerated offenses clause because robbery is not one of the enumerated offenses. ECF No. 44, at 2. See also USSG § 4B1.2(a).

accordingly, the holding of Johnson does not carry over to USSG § 4B1.2's residual clause as it existed at the time of Petitioner's sentencing. As a result, Petitioner does not present a claim for relief under 28 U.S.C. § 2255 on a void for vagueness challenge to the residual clause of USSG § 4B1.2. See ECF No. 44, at 4–8, 17–18.

Furthermore, because Petitioner cannot present a claim for relief under 28 U.S.C. § 2255 on the basis of a vagueness challenge to the residual clause of USSG § 4B1.2(a), this Court cannot reconsider the classification of Petitioner's bank robbery (the instant offense qualifying Petitioner for a career offender enhancement)[5] or robbery (one of the predicate convictions qualifying Petitioner for a career offender enhancement) convictions as a USSG §§ 4B1.1 and 4B1.2 "crime of violence" under the categorical approach. See ECF No. 44, at 9–17. Accordingly, Petitioner presents no grounds for relief under 28 U.S.C. § 2255, and his Section 2255 Motion must be denied.

### III. CONCLUSION

Because Petitioner's pending Section 2255 Motion and the files and records of his case conclusively show that he is entitled to no relief under 28 U.S.C. § 2255, the Court hereby **DENIES** Petitioner's Section 2255 Motion. ECF No. 41.

Petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within 60 days from the date of this Order.

Furthermore, as Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," the Court declines to issue a certificate of appealability pursuant to

---

[5] See also United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016) ("We also ruled decades ago that a § 2113(a) bank robbery is a crime of violence udner the force clause of Guidelines section 4B1.2 . . . .").

7

Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

The Clerk is **DIRECTED** to forward a copy of this Order to Petitioner and to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
March 13, 2017